UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>UN</small>A<small>MERICA</small> H<small>OUSING</small> F<small>UND</small> 1050,

    Plaintiff,

v.

P<small>ATHWAY OF</small> P<small>ONTIAC</small>, I<small>NC</small>., <small>ET AL</small>.,

    Defendants.

                                /

Case No. 19-11783

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

**O<small>RDER</small> G<small>RANTING</small> P<small>LAINTIFF'S</small> M<small>OTION TO</small> D<small>ISMISS</small> C<small>OUNT</small> II <small>OF</small> D<small>EFENDANT'S</small> C<small>OUNTERCLAIM</small> [18]**

Plaintiff, SunAmerica Housing Fund 1050 ("SHF 1050") is a limited partner in the Pontiac ILF Limited Dividend Housing Association Limited Partnership ("the Partnership". Defendants, Pathway of Pontiac, Inc. ("Pathway") and PV North LLC ("PV North") are both general partners in the partnerships. On November 8, 2019, Defendants filed an Amended Answer [14] to Plaintiff's Complaint [1] pleading several counterclaims against Plaintiff. Count II of those counterclaims alleges breach of fiduciary duty. (ECF No. 14, PageId.386).

SHF-1050 moved to dismiss Counterclaim Count II on December 13, 2019, and that motion is now fully briefed. The Court finds the motions suitable for

determination without a hearing in accord with Local Rule 7.1(f)(2) and will grant Plaintiff's motion and dismiss Count II.

## STANDARD OF REVIEW

Plaintiff's motion to dismiss will be granted on counts where the counterclaimants fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). On such a motion, the Court must "construe the complaint in a light most favorable" to counterclaimants and "accept all of [their] factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" *Id*. (*quoting LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). To survive such a motion, a counterclaimant must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## ANALYSIS

Michigan law governs this diversity action. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Himmel v. Ford Motor Co.,* 342 F.3d 593, 598 (6th

Cir. 2003). Plaintiff's motion raises the question of whether a limited partner owes a fiduciary duty to a general partner under Michigan law.

Plaintiff argues that the Michigan Revised Uniform Limited Partnership Act does not entail a fiduciary duty running from limited partners to general partners, despite the fact that the inverse is true. "[A] general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners." MICH. COMP. LAWS ANN. § 449.1403. No such provision appears in the statute as to limited partners in limited partnerships, however. Plaintiff argues that no fiduciary duty of limited partner to a general partner is provided for in the two sections that pertain to limited partner's obligations: MICH. COMP. LAWS ANN. § 449.1303 and § 449.1502. In support of its position, Plaintiff relies on two unpublished cases of the Michigan Court of Appeals.

Defendant does not dispute that the first case, *Kings Lane*, supports Plaintiff's position. The Court of Appeals in that case reasoned as follows:

> [A] limited partner is more like a shareholder with regard to his ownership interest and the fellow owners of the limited partnership. A limited partner's liability for the obligations to the partnership and to other partners is expressly circumscribed by Michigan's Uniform Limited Partnership Act, which contains no language indicating that limited partners owe any fiduciary duties to each other or to general partners. See MCL 449.1303 (a limited partner can be liable for partnership obligation if actively engaged in the partnership's business operations); MCL 449.1502. Accordingly, nothing in the Uniform Limited Partnership Act compels a finding that limited partners owe a reciprocal fiduciary duty to the general partner of a limited partnership. *Kings Lane GP Inc v. Kings Lane Ltd. Dividend Hous.*

*Ass'n Ltd. P'ship*, No. 338967, 2018 WL 6331334, at *9 (Mich. Ct. App. Dec. 4, 2018).

Rather than attempt to distinguish *Kings Lane*, Defendants simply argue that it was incorrectly decided and should be disregarded. The Court is not convinced. "A federal court must accord the same precedential value to a state-court decision as it would be accorded by that state's courts." *Lakeland Reg'l Health Sys. v. Walgreens Health Initiatives, Inc.*, 604 F. Supp. 2d 983, 989 (W.D. Mich. 2009). Unpublished opinions by the Michigan Court of Appeals are not binding on panels of that Court and they are therefore not binding on this Court. That being said, such decisions may be persuasive on federal courts, especially given federal courts' "sensitivity to state law in deciding diversity cases." *Republic-Franklin Ins. Co. v. Bosse*, 89 F.3d 835 (6th Cir. 1996). Plaintiff's second case, *Benson Assocs., Inc. v. Bodytechniques, Inc.*, No. 228852, 2002 WL 1308350 (Mich. Ct. App. June 11, 2002), was decided on an unhelpful procedural posture and will be disregarded.[1]

Defendants, however, offer no case-law in support of their position. Rather, they argue that the fiduciary duty requirements of Michigan's Uniform Partnership

---

[1] The panel in *Benson* found that the jury instructions were not necessary because "while the first proposed special instruction expressed that a limited partner could become liable for partnership obligations if he actively engaged in the partnership's business operations, the instant case did not involve any question of ["the limited partner's] liability for an obligation of the limited partnership." *Benson Assocs., Inc.*, 2002 WL 1308350 at *8. Defendant accurately observed that the appellate court's decision was limited to what jury instructions the evidence would support.

Act are applicable to limited partners in a limited partnership because the Michigan Revised Uniform Limited Partnership Act contains a provision that provides that "in any case not provided for in this act, the provisions of the Uniform Partnership Act…govern." MICH. COMP. LAWS ANN. § 449.2106. Section 21 of the Uniform Partnership Act, they observe, provides that partners owe fiduciary duties to other partners. MICH. COMP. LAWS ANN. § 449.21.

Defendants' interpretation of the statute is unreasonable. The Michigan Revised Uniform Limited Partnership Act is not silent on the liabilities of limited partners. At least twice, in § 449.1303 and § 449.1502, the Act specifies the duties and responsibilities of limited partners. Because the fiduciary duties the Act explicitly provides for general partners in § 449.1403 do not appear in these provisions, the Act is clear that limited partners do not owe fiduciary duties to general partners. This is consistent with the role of limited partners in Michigan. The Michigan Supreme Court has opined on the "the significant similarities between stockholders and limited partners." *Jaffe v. Harris*, 109 Mich. App. 786, 793, 312 N.W.2d 381, 386 (Mich. 1981). Shareholders do not owe fiduciary duties to the corporations in which they own shares. This was the same rationale as the *Kings Lane* court.

## CONCLUSION

Defendants' position would import critical sections of the Uniform Partnership Act to Michigan's Revised Uniform Limited Partnership Act. The Court declines to do what no Michigan appellate court has done and use a gap-filling provision to radically expand the liability of limited partners under Michigan law.

Accordingly,

**IS ORDERED** that Plaintiff's Motion to Dismiss Count II of Defendants' Counterclaim [18] is **GRANTED**.

**SO ORDERED**.

Dated: May 9, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge